UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL-JOHN FREDERICK MAIER,

Plaintiff,

v.

IMU CUS, et al.,

Defendants.

Case No. 3:26-cv-05801-KKE-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

Before the Court is plaintiff's application to proceed in forma pauperis ("IFP") and an attached proposed civil rights complaint under 42 U.S.C. § 1983. Dkt. 5. Plaintiff states he is currently housed at the Washington Corrections Center in Shelton, WA. Dkt. 5 at 1. This Court must screen any § 1983 complaint, and dismiss the complaint "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

A pro se complaint must be held "to less stringent standards than formal pleadings drafted by lawyers" and "however inartfully pleaded," is "sufficient to call for

the opportunity to offer supporting evidence." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff's proposed complaint identifies three unnamed defendants, including "IMU CUS" (while the acronym is not defined, it appears to mean "Intensive Management Unit Correctional Unit Supervisor"), and two undifferentiated "Corrections Officer[s]."[1] Dkt. 5-2 at 3.

Plaintiff asserts his cell flooded due to a plumbing issue, and he was denied food for four total days as punishment after a "floor officer" found his flooded cell. Dkt. 5-2 at 4-5, 7. He also asserts he was placed on "no movement" because of the flood. Dkt. 5-2 at 6. And he asserts he was sprayed with pepper spray. Dkt. 5-2 at 6-8.

Fed. R. Civ. P 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under *Twombly*, a complaint must contain "enough factual matter, accepted as true, to suggest" the elements of the claim, facts sufficient to "state a claim to relief that is plausible on its face," not merely conceivable. *Id.* at 570. *Iqbal* extended this requirement to all civil actions under Rule 8 and held that conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009).

A complaint thus must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.*

---

[1] The caption of plaintiff's proposed complaint references "IMU Floor Officers" and "Central Control" alongside "IMU CUS." Dkt. 5-2 at 1.

Under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

As a general rule, utilizing an unnamed defendant is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, there may be situations where a defendant's identity will not be known prior to the filing of the complaint and may be discovered later during discovery. *Id.*

Allegations must connect each individual defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Id.*

A supervisor can be held liable under § 1983, but *only if* (1) the supervisor personally participated in the violation of plaintiff's rights or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

It is unclear how plaintiff's three listed defendants, all of which are unnamed, each individually relate to his factual allegations. Plaintiff's factual allegations only

generally refer to a “floor officer” or “Hispanic” officer or otherwise don’t directly reference a defendant.

At this stage plaintiff may include unnamed defendants in the allegations, but plaintiff needs to clearly differentiate each defendant, such as by using a numbered “John/Jane Doe” (e.g. John Doe 1, Jon Doe 2) designation to clarify which defendant is being referred to within his allegations.

For each individual defendant, plaintiff must separately and specifically explain the defendant’s role and responsibilities within the prison system, the defendant’s specific acts or omissions, and how that defendant’s actions or omissions resulted in a federal constitutional or statutory violation that injured him.

And to the extent plaintiff seeks to name a supervisor as a defendant, he must explain how that supervisor personally participated in, or how their conduct was causally connected to, the alleged violation.

**Conclusion**

Due to this apparent deficiency, the Court will not serve the complaint at this time. If plaintiff intends to pursue this matter, he must either show cause why this case should not be dismissed or file an amended complaint **on or before December 9, 2026**.

If plaintiff submits an amended complaint, he must do so on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original

complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court may recommend the assigned District Judge dismiss this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order, and the Pro Se Information Sheet.

Dated this 9th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge